Katherine A. HOOVER, M.D., Plaintiff,

v.

WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Mary Ann McNeil, Auburn Cooper, West Virginia Board of Medicine, Ronald D. Walton, A. Paul Brooks, M.D., and U. Grant Young, Defendants.

No. CIV.A. 2:97–0086.

United States District Court,
S.D. West Virginia,
Charleston Division.

May 9, 1997.

Katherine A. Hoover, Lost Creek, WV, pro se.

Charles Bailey, Belinda B. Jackson, Shuman, Annand & Poe, Charleston, WV, for Defendants.

### MEMORANDUM OPINION

DENNIS R. KNAPP, Senior District Judge.

Pending before the Court is the motion filed by Defendants West Virginia Department of Health and Human Resources ("DHHR"), Mary Ann McNeil, Auburn Cooper, West Virginia Board of Medicine ("Board"), Ronald D. Walton, A. Paul Brooks, M.D., and U. Grant Young to dismiss the complaint of Plaintiff, Katherine A. Hoover, M.D. ("Dr.Hoover").

Dr. Hoover alleges that DHHR received information that she over-prescribed narcotic drugs to a patient. Thereafter through its officials, DHHR filed a complaint with the Board. The Board then initiated an investigation into Dr. Hoover's prescribing practices, although no charges have been filed against Dr. Hoover in connection with the DHHR's complaint.

Plaintiff in her complaint alleges various violations by the Board and its officers. She asserts that the Board utilizes a biased hearing examiner in violation of State and Federal constitutions, that it conspired with DHHR and that the Board defamed plaintiff. The claims against DHHR allege that DHHR filed a fraudulent complaint with the Board, defaming Dr. Hoover. She further alleges that its guidelines are vague, arbitrary and in violation of the American with Disabilities Act ("ADA"), the Helsinki Accord, and the U.S. Constitution. Dr. Hoover also claims that DHHR failed to comply with her Freedom of Information Act ("FOIA") requests.

Plaintiff alleges that Walton conspired with DHHR, that Dr. Brooks issued an illegal subpoena, and that Defendant Young illegally obtained names of her patients and served her with an illegal subpoena. Specific allegations were not made against Mary Ann McNeil or Auburn Cooper.

Defendants deny the allegations of plaintiff's complaint but admit that DHHR filed a complaint with the Board on July 16, 1996, and that the complaint is currently being investigated by the Board. Defendants further raise the defenses and grounds for dismissal, set forth in the motion to dismiss, that plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution and the doctrine of qualified immunity, and that this Court should abstain from hearing this action.

Plaintiff asserts in opposition to defendants' motion to dismiss that defendants cannot claim immunity from injunctive relief and that the existence of fraud and conspiracy between DHHR and the Board alleviates any defense raised by defendants.

As set forth in plaintiff's complaint, DHHR filed a complaint against plaintiff with the Board. The Board has initiated an investigation stemming from that complaint which may result in the imposition of administrative charges against the plaintiff, complete with an evidentiary hearing and appellate rights. W. Va.C.S.R. § 11–3–1 *et seq.;* W. Va.Code § 29A–5–1, *et seq.*

Since the administrative proceedings are still pending, the Court is of the opinion that it should abstain from hearing this action at this time.

■ In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669,(1971), the Supreme Court held that federal courts should not enjoin a state court criminal proceeding absent extraordinary circumstances. *Younger* applies not only to ongoing State civil proceedings, but to State administrative proceedings as well. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). The Fourth Circuit recognized the applicability of the *Younger* abstention doctrine to administrative proceedings in *Martin Marietta v. Maryland Com'n on Human Rel.,* 38 F.3d 1392 (4th Cir.1994). Interpreting the *Younger* decision, the Court stated:

*Younger* serves as an exception to the traditional rule of the federal court should exercise jurisdiction conferred on them by statute. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state Judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings. *Middlesex,* 457 U.S. at 432, 102 S.Ct. at 2521.

The pending matter before the state agencies meets the three-part test. There are ongoing state proceedings before the Board of Medicine which vindicate an important state interest. *Phillips v. Virginia Bd. of Medicine,* 749 F.Supp. 715 (E.D.Va.1990). Dr. Hoover can also raise constitutional claims in the course of ongoing administrative proceedings. Judicial review of an administrative determination satisfies the requirements that a plaintiff's constitutional claims must be addressed. *Ohio Civil Rights Commission. supra; Middlesex, supra.* Accordingly, the three primary requirements for abstention under *Younger* have been met in this action.

The Court further notes that claims against the Board by Dr. Hoover are premature since she has yet to suffer any injury. W. Va.Code § 30–3–14(e).

■ Further, the Court is of the opinion that Dr. Hoover fails to state a claim under the Americans with Disabilities Act, the Helsinki Accord or the U.S. Constitution. Plaintiff, a practicing physician, is without standing to raise any claim whatsoever under the American with Disabilities Act since she is not a "qualified individual with a disability within the meaning of ADA. Non-disabled individuals have no standing to bring claims under the ADA. *Kessler Inst. for Rehab., Inc. v. Mayor and Council of Borough of Essex*

**980**

*Fells,* 876 F.Supp. 641, 653 (D.N.J.1995). Secondly, the Helsinki Accord does not create a private right of action in U.S. federal courts and do not have the force of law. Lastly, Dr. Hoover has failed to state a claim that DHHR has violated her constitutional rights. Plaintiff has not plead any fact which will support a claim that her constitutional rights have been violated and does not allege in what manner, if any, she has been harmed by any alleged problems in DHHR's guidelines.

Accordingly, the Court is of the opinion that defendants' motion to dismiss should be granted and that this Court should abstain from further action in this matter.

### *JUDGMENT ORDER*

In accordance with the Court's Memorandum Opinion of even date herewith, which Memorandum Opinion is now ORDERED filed and made a part of the record in this action, it is hereby ORDERED that defendants' motion to dismiss be granted, and that this Court abstain from further action in the above-styled case.

It is further ORDERED that this case be dismissed without prejudice pending completion of the administrative process before the West Virginia Board of Medicine.

It is also ORDERED that plaintiff's motion to review the timeliness of defendants' answer be denied.

It is further ORDERED that defendants' motion for protective order, plaintiff's motion for extension of time, plaintiff's motion in opposition for dismissal, and plaintiff's motion for handwriting samples be denied as moot.